UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHAWN SHELTRA,<br><br>                         Plaintiff,<br><br>        vs.<br><br>WARDEN JAY CHRISTENSEN,<br>DEPUTY WARDEN DAVID DIETZ,<br>SERGEANT TRAVIS TAYLOR, and<br>CORPORAL BENJAMIN FRAHS,<br><br>                         Defendants. | Case No.  1:20-cv-00215-BLW<br><br>**SUCCESSIVE REVIEW ORDER<br>BY SCREENING JUDGE** |

In the Initial Review Order, the Court determined that Plaintiff could not proceed on his Complaint and ordered Plaintiff to correct the deficiencies if he desired to proceed. (Dkt. 6.) The Court now reviews the Amended Complaint. (Dkt. 7.)

### 1.  Standard of Law for Screening Complaints

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 &

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 1**

1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or failure to plead sufficient facts to support a cognizable legal theory under the *Iqbal/Twombly* standard. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989). Rule 12(b)(6) authority to dismiss claims as explained in *Jackson* was expanded by the PLRA, giving courts power to dismiss deficient claims sua sponte, either before or after opportunity to amend as explained in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments of the United States Constitution.

The Eighth Amendment to the United States Constitution protects prisoners against cruel and unusual punishment. To state a claim under the Eighth Amendment, Plaintiff must provide facts showing that he is "incarcerated under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 2

measure of life's necessities" as a result of Defendants' actions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted).

Plaintiff must also allege facts showing that Defendants were deliberately indifferent to his needs. "[D]eliberate indifference entails something more than mere negligence, [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. To exhibit deliberate indifference, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Prison officials who act with deliberate indifference "to the threat of serious harm or injury" by one prisoner against another are subject to liability under the Eighth Amendment through § 1983. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). "Having incarcerated persons with demonstrated proclivities for antisocial criminal, and often violent, conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Farmer*, 511 U.S. at 833 (internal quotation marks, citation, and alterations omitted). Although even an obvious danger does not result in liability if the official is not subjectively aware of it, a prison official cannot "escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." *Id.* at 843.

### 2.  Factual Allegations and Discussion

On March 13, 2020, Plaintiff filed a grievance informing Sergeant David Dietz and Warden Jay Christensen that he was being housed in the same cell as an inmate he had serious issues with and that his safety was in jeopardy. Plaintiff asserts that Defendants did nothing to protect him. Plaintiff also asserts that he informed Sergeant Travis Taylor and Corporal Benjamin Frahs of the same threats both in person and in offender concern forms, but they did nothing.

On April 17, 2020, Plaintiff was attacked by an inmate acting as an agent for one of the persons Plaintiff had reported as a threat. Plaintiff suffered serious injuries as a result.

Plaintiff has set forth sufficient allegations to proceed against all of the Defendants. This Order does not guarantee that any of Plaintiff's claims will be successful; it merely finds that one or more is colorable, meaning that the claims will not be summarily dismissed at this stage. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims, but it is only a determination that one or more of Plaintiff's claims is plausible and should proceed to the next stage of litigation.

### ORDER

**IT IS ORDERED:**

1.   Plaintiff may proceed on the Eighth Amendment failure to protect claims that are asserted in the Amended Complaint against Defendants Jay Christensen, David Dietz, Travis Taylor, and Benjamin Frahs. (Dkt. 7.)

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 4**

2.      Defendants will be allowed to waive service of summons by

executing, or having their counsel execute, the Waiver of Service of

Summons as provided by Federal Rule of Civil Procedure 4(d) and

returning it to the Court within 30 days. If Defendants choose to

return the Waiver of Service of Summons, the answer or pre-answer

motion will be due in accordance with Rule 12(a)(1)(A)(ii).

Accordingly, the Clerk of Court will forward a copy of the Amended

Complaint (Dkt. 7), a copy of this Order, and a Waiver of Service of

Summons to the following counsel:

> **Mark Kubinski**, Deputy Attorney General for the State of
>
> Idaho, Idaho Department of Corrections, 1299 North Orchard,
>
> Ste. 110, Boise, Idaho 83706 on behalf of Defendants **Jay**
>
> **Christensen, David Dietz, Travis Taylor, and Benjamin**
>
> **Frahs**.

3.      Should any entity determine that the individuals for whom counsel

for the entity was served with a waiver are not, in fact, its employees

or former employees, or that its attorney will not be appearing for

the entity or for particular former employees, it should file a notice

within the CM/ECF system, with a copy mailed to Plaintiff,

indicating which individuals for whom service will not be waived.

4.      If Plaintiff receives a notice from Defendants indicating that service

will not be waived for an entity or certain individuals, Plaintiff will

have an additional 90 days from the date of such notice to file a

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 5**

notice of physical service addresses of the remaining Defendants, or
claims against them will be dismissed without prejudice without
further notice.

5.     The parties must follow the deadlines and guidelines in the Standard
Disclosure and Discovery Order for Pro Se Prisoner Civil Rights
Cases, issued with this Order.

6.     Any amended pleadings must be submitted, along with a motion to
amend, within 150 days after entry of this Order.

7.     Dispositive motions must be filed no later than 300 days after entry
of this Order.

8.     Each party must ensure that all documents filed with the Court are
simultaneously served upon the opposing party (through counsel if
the party has counsel) by first-class mail or via the CM/ECF system,
pursuant to Federal Rule of Civil Procedure 5. Each party must sign
and attach a proper mailing certificate to each document filed with
the court, showing the manner of service, date of service, address of
service, and name of person upon whom service was made.

9.     The Court will not consider ex parte requests unless a motion may
be heard ex parte according to the rules and the motion is clearly
identified as requesting an ex parte order, pursuant to Local Rule of
Civil Practice before the United States District Court for the District
of Idaho 7.2. ("Ex parte" means that a party has provided a

document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

10.    All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

11.    No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

12.    Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

13.    Pursuant to General Order 324, this action is hereby returned to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 7**

District Judges, having given due consideration to the existing

caseload.

DATED: November 4, 2020

B. Lynn Winmill
U.S. District Court Judge