UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHAWN SHELTRA<br><br>　　　　Plaintiff,<br><br>v.<br><br>JAY CHRISTENSEN; D.W. DIETZ;<br>SGT. TAYLOR; and CPL. FRAHS,<br><br>　　　　Defendants. | Case No. 1:20-cv-00215-DCN<br><br>**MEMORANDUM DECISION AND<br>ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Shawn Sheltra's Motion for Reconsideration. Dkt. 30. Defendants oppose the Motion. Dkt. 35.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES Sheltra's Motion.

## II. BACKGROUND

The Court set forth the factual background pertaining to this case in its Order granting Defendant's Motion for Summary Judgment and incorporates that background here by reference. Dkt. 28, at 2–3. To briefly provide context, Sheltra is an Idaho Department of Corrections' ("IDOC") inmate incarcerated in the Idaho State Corrections

Center ("ISCC"). *Id*. at 2. Sheltra alleges various prison officials violated his Eighth Amendment right to be free from cruel and unusual punishment when, on April 17, 2020, he was attacked by an inmate acting as an agent for another inmate. *Id*. at 5.

After Sheltra's Amended Complaint survived review, Defendants filed a Motion for Summary Judgment. Dkt. 16. On May 5, 2021, the Court granted Defendant's Motion for Summary Judgment. Dkt. 28. The Prison Litigation Reform Act ("PLRA") mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted*." *Woodford v. Ngo*, 548 U.S. 81, 87–88 (2006) (emphasis in original). The Court found that Sheltra had failed to properly exhaust his administrative remedies because he did not complete IDOC's three-step grievance process. Dkt. 28, at 7. As such, the Court dismissed the case without prejudice. *Id*. at 9. Sheltra filed a Motion for Reconsideration on May 12, 2021. Dkt. 30. Defendants filed a Memorandum in Opposition on June 2, 2021. Dkt. 35. Sheltra filed a Reply on June 11, 2021. Dkt. 36.

### III. LEGAL STANDARD

"A district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend judgment) or Rule 60(b) (relief from judgment)." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc*., 5 F.3d 1255, 1262 (9th Cir. 1993). As Sheltra brought his claim under Rule 60(b)(1) and (6), the Court accordingly focuses on the corresponding standards.

Rule 60(b)(1) provides for reconsideration when there is "mistake, inadvertence,

surprise, or excusable neglect" while Rule 60(b)(6) allows for reconsideration for "any other reason that justifies relief." Rule 60(b) relief is extraordinary and may only be granted upon an adequate showing of exceptional circumstances. *Stevens v. ITT Sys., Inc.*, 868 F.2d 1040, 1041 n. 1 (9th Cir. 1989).

Under Rule 60(b), the moving party bears the burden of establishing grounds for relief. *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1130–31 (E.D. Cal. 2001). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Id.* at 1131 (cleaned up).

## IV. DISCUSSION

In his Motion for Reconsideration, Sheltra argues that the Court improperly examined the grievance process for the assault itself instead of reviewing the grievances he filed *prior* to the assault. Dkt. 30, at 2. By way of explanation, the Court—in its prior decision—noted that Sheltra had, in fact, filed various grievances with IDOC, but that each dealt with alleged threats of violence or prospective fears. The Court explained that while Sheltra was, unfortunately, attacked at a later time, it could not allow his prior grievances to satisfy the PLRA requirements because those grievances pre-dated the attack itself. In short, the Court found that because Sheltra did not complete the grievance process as to the actual attack, he had not exhausted his administrative remedies as required. In his Motion to Reconsider Sheltra offers no defense that he properly exhausted his administrative remedies after the assault and claims the law does not require him to. Rather, Sheltra claims

he properly exhausted his administrative remedies prior to the assault by filing his grievance with IDOC and appealing it. *Id*. at 5.

Sheltra has not produced evidence sufficient to meet his burden to show that the Court failed to properly consider the grievance process undertaken prior to the attack. Sheltra's evidence consists of a single sentence in the Court's Memorandum Decision and Order that states "[h]ad Sheltra filed another grievance following the attack, the subject matter would have been the attack itself, and not the threat of an unidentified inmate and extortion complained of in his March 2020 grievance and appeal." Dkt. 28, at 7. However, Sheltra has taken this statement out of context. This line was written in response to his argument that he was forbidden by IDOC policy from filing another grievance containing the same subject matter of a previous grievance. *Id*. The Court was not implying, however, that it did not review whether the grievances prior to the assault were exhausted.

Indeed, the Court did consider Sheltra's grievance filed prior to the assault, holding that a prior grievance or complaint "cannot exhaust administrative remedies for claims based on events that have not yet occurred." *Id*. at 6 (citing *Dalton v. Aulepp*, No. 13-3089-SAC, 2015 WL 728490, at *8 (D. Kan. Feb. 19, 2015) (cleaned up)); see also *Perry v. Dickinson*, No. 2:10-cv-3223 KJN P, 2012 WL 2559426, at *3 (E.D. Cal. June 29, 2012); *Pasion v. McGrew*, No. 10-00443 HG-LEK, 2010 WL 3184518, at *2 (D. Haw. Aug. 11, 2010) ("It is axiomatic that Petitioner cannot grieve a wrong that has not yet occurred[.]"). Because a grievance "cannot exhaust administrative remedies for claims based on events that have not yet occurred," Sheltra, by law, must have exhausted his administrative remedies through grievances filed *after* the assault. *Id*. As the Court already explained,

MEMORANDUM DECISION AND ORDER - 4

however, Sheltra failed to comply.

In summary, Sheltra makes no argument that the Court mistakenly held that prior grievances cannot qualify for administrative exhaustion. He also has offered no evidence regarding the other standards in Rule 60(b)(1) and (6) of inadvertence, surprise, excusable neglect, or "any other reason that justifies relief." Indeed, most of Sheltra's Motion for Reconsideration is simply an attempt to relitigate the same arguments made earlier. This is not appropriate in a motion for reconsideration. Accordingly, the Court must deny Sheltra's Motion.

## V. ORDER

The Court HEREBY ORDERS:

1. Sheltra's Motion for Reconsideration (Dkt. 30) is **DENIED**.

DATED: September 14, 2021

David C. Nye
Chief U.S. District Court Judge